IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 10-2191 |
| BLUE SKY HEAVY HAULING, INC., a Michigan corporation, | ) ) ) | Honorable District Judge |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, (collectively "Pension Fund") for their cause of action against Defendant Blue Sky Heavy Hauling, Inc., a Michigan corporation ("Blue Sky") allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d) because the Pension Fund is administered at its principal

place of business located in Rosemont, Illinois. Venue is also proper in this district pursuant to the forum selection clause of the Pension Fund Trust Agreement.

## PARTIES

4.     Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5.     Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6.     Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7.     Defendant Blue Sky is a Michigan corporation with its principal place of business located in the State of Michigan.

## CLAIM FOR RELIEF

8.     Defendant Blue Sky was subject to collective bargaining agreements executed between itself and Local Union No. 247 of the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9.     On December 1, 2007, Blue Sky permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

10.     As a result of this complete withdrawal, Blue Sky incurred withdrawal liability to the Pension Fund in the amount of $963,062.89 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b).

11.     On or about February 22, 2008, Blue Sky received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1).  The notice and attached invoice notified Blue Sky that it was required to discharge its liability in monthly payments of $8,796.42 commencing on March 1, 2008, or in one lump sum in the amount of $963,062.89.

12.     For the period of March 2008 through January 2010, Blue Sky made its monthly interim withdrawal liability payments to the Pension Fund.

13.     Blue Sky has not made any monthly interim withdrawal liability payments to the Pension Fund for the months of February 2010 through April 2010.

14.     On or about February 4, 2010, Blue Sky received a notice from the Pension Fund, pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned Blue Sky of the consequences of its failure to pay such liability.

15.     To date, Blue Sky has not made any further monthly interim withdrawal liability payments to the Pension Fund and has not remitted monthly interim withdrawal liability payments in the total amount of $26,739.42 due for the months of February 2010 through April 2010.

16.     On or about October 8, 2008, Blue Sky initiated arbitration of the Assessment pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

17.     To date, the Arbitration is still pending.

18.     Pursuant to Sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

19.     As of the date on which this Complaint was filed, Blue Sky is delinquent on its monthly interim withdrawal liability payments in the principal amount of $26,739.42.

WHEREFORE, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A.      A judgment against Defendant Blue Sky Heavy Hauling, Inc., a Michigan corporation and on behalf of Plaintiffs, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. § 1132(g)(2) and 1451(b), for:

(1)     all past due interim withdrawal liability payments that accrue as of the date of judgment;

(2)     interest on the past due monthly interim payments computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged;

(3)     an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

(4)     attorney's fees and costs; and

B.      An order compelling Defendant to make its future monthly interim withdrawal liability payments in accordance with the payment schedule determined by the Pension Fund and attached to the notice and demand; and

C.      Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

F:330097 / 10410064 / 4/9/10

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which

the interest is charged, and shall be compounded annually; and

D.     For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org